| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | SAM STEFANKI<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |



FILED
Jul 08, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO § 2703(d) FOR TELEPHONE NUMBER IDENTIFIED BY (530) 680-4336 | CASE NO. 2:20-sw-0603 CKD<br><br>APPLICATION<br><br>**UNDER SEAL** |

### I.   **APPLICATION**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Wireless (Cingular), a mobile-phone service provider located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the cellular phone identified by (530) 680-4336 as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts the following.

### II.   **LEGAL BACKGROUND**

1.   AT&T Wireless (Cingular) is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T Wireless

APPLICATION                                            1

1  (Cingular) to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See id.* § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See id.* § 2711(3)(A)(i), (ii).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  *Id.* § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### III.  RELEVANT FACTS

4. The United States is investigating a wildland arson fire that occurred on June 23, 2020, on land within the Shasta-Trinity National Forest in the Eastern District of California.  The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 1855.

5. Law enforcement agents of the U.S. Forest Service have identified a white Acura sedan that the suspected arsonist(s) were operating near the origin site of the fire being investigated.  Agents obtained a warrant to apply a tracking device to the vehicle, and installed the device on July 3, 2020.  Shortly after applying the tracking device to the Acura, investigating agents positively identified the vehicle's primary operator as an individual named Eric Smith.  However, on at least one other occasion, agents observed a female operating the vehicle whose appearance closely resembled an image in the California Department of Motor Vehicles database associated with an individual named Jussie Brunner.  Brunner is the spouse of the registered owner of the white Acura being tracked by law enforcement.

6. A search of publicly available databases revealed to law enforcement agents that Brunner is associated with the telephone number (530) 680-4336.

///

### IV.    GOVERNMENT REQUESTS

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, this information will help the United States determine the nature and scope of Brunner's activities and those of her potential accomplices. Accordingly, the United States requests that AT&T Wireless (Cingular) be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require AT&T Wireless (Cingular) not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for 180 days from the date of the Order, unless extended. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See id.* § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their cellular telephones or personal computers.

///
///
///
///
///

APPLICATION                                             3

9.      The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: July 8, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ Sam Stefanki
SAM STEFANKI
Assistant United States Attorney